Dear Mr. Johnson,
The Attorney General has received your request for an official opinion asking, in effect:
 Under the provisions of the Licensed Dietition Act, 59 O.S. 1721 - 59 O.S. 1739 (1984), are individuals coming within the ambit of Section 1739 of the Act required to meet the examination requirement obligations of Sections 59 O.S. 1727(B) and 59 O.S. 1731 of the Act?
In 1984, the Oklahoma Legislature enacted into law the Licensed Dietitian Act, codified as 59 O.S. 1721 — 59 O.S. 1739 (1984). Under the general provisions of this new enactment, dietitians practicing the vocation of dietetics must, as of November 1, 1984, become licensed by the State Board of Medical Examiners, who, in turn, is assisted in its supervisory capacity by a statutorily created Advisory Committee on Dietetic Registration. 59 O.S.Supp, 1984, §§ 1723[59-1723], 1727, 1730.
Among the specific powers granted to the State Board of Medical Examiners relative to its role in administering the Act is the authority to pass upon the qualifications of applicants for licensure and to establish the qualifications and fitness of applicants for licensure. 59O.S. 1727(B) / 59 O.S. 1727(C)(2) (1984). Traveling hand in hand with this authority is the following language regarding examinations to be taken by prospective licensure applicants:
 "A. To qualify for a license, an applicant shall pass a competency examination. Examinations shall be prepared or approved by the Board and administered to qualified applicants at least once each calendar year.
 "B. An examination prescribed by the Board may be or may include an examination given by the Commission on Dietetic Registration of the American Dietetic Association or by a national or state testing service in lieu of examination prepared by the Board.
 "C. If requested in writing by a person who fails the licensing examination, the Board shall furnish the person with an analysis of the person's performance on the examination.
 "D. If an applicant fails the examination three times, the applicant shall furnish evidence to the Board of completed course work taken for credit with a passing grade in the areas of weakness before the applicant may again apply for examination." 59 O.S. 1731 (1984).
As indicated in this provision, a general examination requirement must be met by licensure applicants in order to be validly licensed as a dietician in the State. However, Section 59 O.S. 1739 of the Act states, in this same regard:
 "For one (1) year beginning on November 1, 1984, the Board shall waive the examination requirement and grant a license to any person who is registered by the Commission on Dietetic Registration as a registered dietitian on November 1, 1984, or who becomes so registered before November 1, 1985."
You ask whether this language in Section 59 O.S. 1739 enables persons coming within its purview to obtain a license from the State Board of Medical Examiners without simultaneously fulfilling the examination requirements set forth in Section 59 O.S. 1731.
In viewing legislative enactments, the primary goal is to ascertain the legislative intent behind same, and if possible, to give effect to that intention. Jackson v. Ind. School District No. 16 of Payne County,648 P.2d 26 (Okla. 1982). In so doing, every portion of an enactment on the subject of inquiry should be read in conjunction with the other provisions on the same subject matter. Wood v. Independent School DistrictNo. 141 of Pottawatomie County, 661 P.2d 892 (Okla. 1983).
Reading the language of Sections 59 O.S. 1731 and 59 O.S. 1739
together, a one-year time period is established wherein licensure applicants under the Act who are registered with the Commission on Dietetic Registration of the American Dietetic Association are exempted from fulfilling the otherwise applicable provisions regarding examination in Section 1731. The State Board of Medical Examiners, in this regard, is compelled to issue licenses to individuals coming within the ambit of Section 1739's exemption, despite the language of Sections 59 O.S.1727(B) / 59 O.S. 1727(C) and 59 O.S. 1731 of the Act. See, generally,Marley v. Cannon, 618 P.2d 401 (Okla. 1980).
It is, therefore, the official opinion of the Attorney General thatapplicants for dietitian licenses coming within the ambit of 59 O.S. 1739(1984) of the Licensed Dietitians Act, 59 O.S. 1721 - 59 O.S. 1739(1984), are not required to meet the examination requirement obligationsof Sections 59 O.S. 1727(B) / 59 O.S. 1727(C) and 59 O.S. 1731 of theAct.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL